# Staunton

HENRY BAUSELL v. COMMONWEALTH OF VIRGINIA.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*S. B. Campbell, Wilson, Burns & Wilson* and *T. F. Walker,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

Henry Bausell was indicted jointly with his son Bernace Bausell for the killing of T. E. Cornett. He elected to be tried separately, was found guilty of murder in the first degree, and his punishment fixed at confinement in the penitentiary for twenty years.

The evidence in this case is practically the same as the evidence introduced in the case of *Bernace Bausell* v. *Commonwealth,* ante, page 669, 181 S. E. 453, decided at this term of court. The instructions were identical except for the change in name. The jury in the present

case was summoned from Carroll county, and the record contains no exception to the panel. What is said in the Bernace Bausell case, on the admissibility of certain evidence, and the fundamental error found in many of the instructions, is applicable in this case, and compel a reversal.

In both cases the defendants strenuously objected to the giving of Instruction No. 12, reading thus: "The court instructs the jury that the defendant, Henry Bausell, and his son, Bernace Bausell, or either of them, did not have the right to break into the bedroom of Virginia Bausell to secure possession of Jean Bausell."

As pointed out in the other opinion, it was conceded that the bedroom door was forcibly opened. The Commonwealth's evidence tended to show that it was broken open by the combined efforts of the two defendants. Testimony of the accused tends to establish that it was forced open by Bernace Bausell alone. Up to the time of the breaking open of this door, no force, or hostile act had been committed by the accused, or either of them. When all the evidence is considered, we think the instruction is correct as far as it goes.

It is conceded that several days before the homicide Jean was taken from Bernace Bausell, her father, by force. The fact did not justify him, or Henry Bausell, in forcing an entrance into a bedroom in the Cornett home, to regain possession of her. The father's right to the possession of his three-year-old daughter, as against the right of the mother, is a qualified right to be decided by the court in a proper proceeding. This qualified right does not entitle the father to regain the custody of his child *vi et armis,* so long as the child is in the possession of the mother, and is in no serious danger.

The instruction, however, does not go far enough. If the breaking and entering was done in the manner stated by Mrs. Clarke, it was a felony. If, however, the breaking and entering was done, as stated by the accused, with no other intent than to see his family, it was

a misdemeanor, and if the jury believed that this was the act which provoked the deadly assault upon the accused, and which in resisting, he, or his son, killed another, both were guilty of manslaughter. The instruction should have been so drawn as to make this distinction clear to the jury.

■ The only other assignment of error not within the purview of the opinion in the case of *Bernace Bausell* v. *Commonwealth*, is the exception taken to certain statements before the jury in the arguments of the Commonwealth's attorney and the attorneys privately employed to assist the prosecution. While the remarks to which exceptions were taken are close to the border line, it is not probable that they will be repeated before another jury; hence we deem it useless to discuss them in detail. The question of improper argument has been before the court on numerous occasions. We have invariably held that the criminal laws must be enforced dispassionately, and with an even hand. The Commonwealth does not rely either upon prejudice or sympathy to attain this end. The question is fully discussed in the Virginia cases, among which are: *Steel* v. *Commonwealth*, 157 Va. 810, 160 S. E. 185; *Dingus* v. *Commonwealth*, 153 Va. 846, 149 S. E. 414; *Parsons* v. *Commonwealth*, 138 Va. 764, 121 S. E. 68; *Mohler* v. *Commonwealth*, 132 Va. 713, 111 S. E. 454.

For the reason stated, the verdict of the jury is set aside, the judgment reversed, and the case remanded for a new trial.

*Reversed and Remanded.*

Campbell, C. J., and Holt and Eggleston, JJ., dissenting.